**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **MICHAEL C. SMART,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | EP-14-CV-00208-KC |
| § | |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Defendant. § | |

**ORDER**

On this day, the Court considered Defendant's Motion to Dismiss or Alternatively Motion for Summary Judgment ("Motion"), ECF No. 16, in the above-captioned case (the "Case"). For the reasons set forth below, the Motion is **GRANTED.**

**I.    BACKGROUND**

Unless otherwise indicated, the following facts are taken from Plaintiff's pleadings.

The Case stems from a series of interactions between Plaintiff and the El Paso Medical Center ("Medical Center") between November 2012 and June 2013 regarding Plaintiff's pursuit of mental health treatment. Plaintiff visited the Medical Center on November 15, 2012, seeking to obtain previously prescribed medications and to schedule an appointment with a mental health specialist. Compl., ECF No. 3 at 3. During the course of his treatment over the following nine months, Plaintiff alleges that the Medical Center's staff diagnosed Plaintiff with intermittent explosive disorder, a diagnosis Plaintiff alleges was contrary to a previous diagnosis of post-traumatic stress disorder. *See* Attach. to FTCA Claim, Mot. to Proceed in Forma Pauperis Ex. A, ECF No. 1-3 at 3. Plaintiff further alleges that the Medical Center

1

repeatedly cancelled medical appointments. *See* Compl. 3; Attach. to FTCA Claim. Based on this series of events, Plaintiff came to believe that the Medical Center's staff misdiagnosed his mental health condition "for the sole purpose of denying and delaying . . . adequate mental health treatment." Compl. 3.

As a result, on September 6, 2013, Plaintiff submitted an administrative claim with the Department of Veterans Affairs ("VA") pursuant to the Federal Tort Claims Act ("FTCA"). *See* Claim for Damage, Injury, or Death ("FTCA Claim"), Mot. to Proceed in Forma Pauperis Ex. A, ECF No. 1-3 at 1; Pl.'s Opp'n to Def.'s Mot. to Dismiss and Mot. for Summ. J. ("Plaintiff's Response"), ECF No. 17 at 1. In his claim, Plaintiff sought damages in the amount of $480,000.00 arising from the Medical Center's staff negligently delaying and denying Plaintiff's mental health treatment. *See* FTCA Claim 1.

On November 1, 2013, the VA mailed Plaintiff a final denial letter by certified mail informing Plaintiff that his FTCA Claim had been denied.[1] *See* Letter from Melinda Frick to Michael Smart (Nov. 1, 2013) (the "Final Denial"), Mot. to Proceed in Forma Pauperis Ex. B, ECF No. 1-4 at 2-3; *see also* Decl. of Rita McCaghren ("McCaghren Declaration"), Mot. Ex. A, ECF No. 16-1 at 2-3; Mot. 2. The Final Denial informed Plaintiff of a six-month statute of limitations to seek judicial relief from the VA's decision. Final Denial 2. Defendant disputes that the Final Denial was mailed on this date. Resp. 2.

Plaintiff, not having received the Final Denial, called the VA on January 3, 2014, to inquire about the status of the FTCA Claim. Pl.'s Resp. 1. By letter dated January 3, 2014, the VA informed Plaintiff that "[t]he original denial letter for [Plaintiff's] Federal Tort Claim was

---

[1] The November 1, 2013, mailing date is not found in Plaintiff's pleadings and Plaintiff disputes whether the VA mailed the Final Denial on that date. *See* Pl.'s Resp. 2. Nonetheless, as discussed in further detail below, because the Court treats Defendant's Motion as a motion for summary judgment, the Court sets out this disputed evidence here.

sent to [Plaintiff] by Certified Mail on November 1, 2013." Letter from Rita McCaghren to Michael Smart (Jan. 3, 2014) ("January Notice"), Mot. to Proceed in Forma Pauperis Ex. B, ECF No. 1-4 at 1. A copy of the Final Denial was attached to the January 3, 2014, letter. *Id.*

Five months after learning of the Final Denial, Plaintiff filed the instant action on June 3, 2014. *See* Mot. to Proceed in Forma Pauperis, ECF No. 1. Plaintiff alleges "negligence and professional malpractice in connection with medical care denied and delayed to Plaintiff by the [VA] at the [Medical Center]." Compl. 1.

On June 24, 2014, the Honorable Robert F. Castaneda issued his Report and Recommendation of the Magistrate Judge (the "Report"), ECF No. 5. The Report recommended that Plaintiff's "application to proceed *in forma pauperis* be granted," but that Plaintiff's claims be dismissed "with prejudice as frivolous and for failure to state a claim upon which relief could be granted." *Id.* at 1. In recommending dismissal, the Report found that the VA mailed Plaintiff the Final Denial on November 1, 2013. *Id.* at 7. Accordingly, under the FTCA's six-month statute of limitations, Judge Castaneda concluded that Plaintiff's June 3, 2014, petition to this Court was time-barred. *Id.*

After due consideration of the Report, the Court issued its Order Adopting in Part Report and Recommendation ("Order on the R&R"), ECF No. 10, on July 28, 2014. By the Order on the R&R, the Court found that dismissal based on the statute of limitations was not appropriate at that time because the Court could not conclude that the Final Denial had in fact been mailed on November 1, 2013, "[a]bsent an affidavit by an appropriate government official or some other direct evidence that the denial letter was sent." *Id.* at 3.

On October 24, 2014, Defendant filed its Motion, seeking either dismissal under Rule 12(b)(6) or summary judgment because Plaintiff's claim is barred by the FTCA's statute of

3

limitations. Mot. 5-6. In support of the Motion, Defendant attaches a number of evidentiary documents not found in Plaintiff's pleadings. *See* Mot. Ex. A, ECF No. 16-1.

Plaintiff filed his Response on November 5, 2014. *See* Pl.'s Resp. Defendant, in turn, filed its Reply to Plaintiff's Response to Defendant's Motion to Dismiss or Alternatively, Motion for Summary Judgment, ECF No. 18, on November 12, 2014.

**II.  DISCUSSION**

"If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *see also Dillon v. Rogers*, 596 F.3d 260, 270-71 (5th Cir. 2010). Where a court converts a motion to dismiss into a motion for summary judgment "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, "[w]hile parties should be on notice that matters outside the pleadings are being considered by the Court, a district court need not give 'express notice' that it will treat the motion to dismiss as one for summary judgment." *Grynberg v. BP P.L.C.*, 855 F. Supp. 2d 625, 639 (S.D. Tex. 2012) (citing *Mackey v. Owens*, No. 98-60758, 1999 WL 423077, at *2 (5th Cir. June 2, 1999); *see also Montgomery v. Sears Roebuck & Co.*, Civil Action No. 09-0584, 2010 WL 4781438, at *3-4 (W.D. La. Oct. 14, 2010)). "[T]he proper question is whether the nonmovant was on notice that the district court *could* treat the motion as one for summary judgment, not [whether] the court *would* in fact do so." *Id.* (citing *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 784 (5th Cir. 2007)); *see also Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

"Adequate notice is provided when the moving party frames its motion in the alternative as one for summary judgment." *Tri-Gen Inc. v. Int'l Union of Operating Eng'rs,*

4

*Local 150, AFL-CIO*, 433 F.3d 1024, 1029 (7th Cir. 2006); *see also Hilfirty v. Shipman*, 91 F.3d 573, 579 (3d Cir. 1996); *Tremont LLC v. Halliburton Energy Servs., Inc.*, 696 F. Supp. 2d 741, 853 (S.D. Tex. 2010) (finding that nonmovant "received notice that [movant's] motion could be treated as one for summary judgment when [nonmovant] framed its motion as seeking summary judgment in the alternative and referred to materials outside the complaint").

In this Case, Defendant clearly framed the Motion as seeking summary judgment in the alternative. *See* Mot. 1, 3-4. Plaintiff accordingly has been on notice that the Court *could* grant summary judgment since October 24, 2014, when the motion was first filed. *See Tri-Gen*, 433 F.3d at 1029; Mot. 1, 3-4. Indeed, Plaintiff's Response acknowledges that Plaintiff has been aware that the Court could grant summary judgment since at least November 5, 2014, because Plaintiff states that he is "opposed" to Defendant's "motion for summary judgment." *See* Pl.'s Resp. 3. The Court therefore finds that Plaintiff has received sufficient notice for the Court to consider the Motion as a motion for summary judgment. *See Grynberg*, 855 F. Supp. 2d at 639; Fed. R. Civ. P. 12(d).

    **A.**    **Standard**

A court must enter summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009) (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996).

"[The] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *Wallace v. Tex. Tech. Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996). To show the existence of a genuine dispute, the nonmoving party must support its position with citations to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials[,]" or show "that the materials cited by the movant do not establish the absence . . . of a genuine dispute, or that [the moving party] cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c).

The court resolves factual controversies in favor of the nonmoving party; however, factual controversies require more than "conclusory allegations," "unsubstantiated assertions," or "a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Further, when reviewing the evidence, the court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh evidence. *Man Roland, Inc. v. Kreitz Motor Express, Inc.*, 438 F.3d 476, 478-79 (5th Cir. 2006) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Thus, the ultimate inquiry in a summary judgment motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### B. Analysis

Defendant seeks summary judgment on the grounds that Plaintiff's claim is time-barred by the FTCA's statute of limitations. Mot. 5-6.

Plaintiff responds that Defendant's own evidence contradicts its assertion that the VA mailed the Final Denial on November 1, 2013, because the address on the Final Denial's letterhead does not correspond to the regional office at which Ms. McCaghren works. Pl.'s Resp. 2. Plaintiff further asserts that he "never received notice" that the letter was sent, and therefore received "inadequate notice" of the Final Denial. *Id.*

#### 1. The FTCA's statute of limitations

"The United States as a sovereign nation is immune from suit except as the United States has consented to be sued." *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993). "In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisoners*, 552 U.S. 214, 218 (2008). However, "[w]ith this waiver comes a strict statute of limitations: a party must file a lawsuit 'within six months after the date of *mailing*, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.'" *Beemer v. Holder*, 495 F. App'x 396, 400 (5th Cir. 2012) (citing 28 U.S.C. § 2401(b); *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir. 1975)).

"The plain language of 28 U.S.C. § 2401(b) requires that the statute of limitations start to run the moment the government *mails* the notice of an FTCA claim denial." *Id.* (citing *Carr*, 522 F.2d at 1357). Accordingly, whether a plaintiff receives the notice is "immaterial" for the purpose of the FTCA's statute of limitations. *Id.*

#### 2. No genuine dispute on date Final Denial mailed

According to Defendant, the undisputed evidence shows that the Final Denial was mailed on November 1, 2013; therefore, Plaintiff had only until May 1, 2014, to file suit. *See* Mot. 5. Plaintiff did not file suit until June 3, 2014, and thus, Defendant contends, the claim is time-barred. *Id.*

In support of summary judgment, Defendant provides the declaration of Rita McCaghren, Legal Assistant for Region 13 of the Department of Veterans Affairs. In her declaration, Ms. McCaghren states that she "sent [Plaintiff's] denial letter by Certified Mail Return Receipt Requested on November 1, 2013." *See* McCaghren Decl. 1. According to Ms. McCaghren, the postal service left a notice for Plaintiff on November 4, 2013, that the Final Denial was available for pickup. *Id.* When Plaintiff failed to claim the Final Denial by December 4, 2013, the postal service considered the Final Denial "unclaimed" and returned the Final Denial to the VA on December 13, 2013. *Id.*

In support of Ms. McCaghren's declaration, Defendant also attaches a copy of the Final Denial. *See* Mot. Ex. A, ECF No. 16-1 at 6-7. As the declaration indicates, the Final Denial is dated November 1, 2013. *Id.* The Court notes that both Plaintiff and Defendant have attached identical copies of the Final Denial, and there appears to be no dispute as to the accuracy of this date. *See* ECF No. 16-1 at 6-7; ECF No. 1-4 at 2-3. Defendant provided further support for Ms. McCaghren's declaration in the form of an envelope returned to the VA on December 13, 2013, as "unclaimed," thus supporting Ms. McCaghren's statement that the postal service returned the Final Denial to the VA on that date. *See* Returned Envelope, Mot. Ex. A, ECF No. 16-1 at 8.

Upon review of this evidence, the Court finds that Defendant has met its burden on summary judgment by presenting evidence establishing that the Final Denial was mailed to

Plaintiff on November 1, 2013.  *See Celotex*, 477 U.S. at 323.  Unless Plaintiff comes forward with evidence demonstrating an issue of material fact regarding the date of the mailing, or otherwise is able to undermine Defendant's evidence, his claim is time-barred.  *See Little*, 37 F.3d at 1075.

In an attempt to discount Ms. McCaghren's declaration, Plaintiff argues that because the address on the Final Denial's letterhead differs from Ms. McCaghren's work address, the evidence indicates that Ms. McCaghren did not in fact mail the letter as she claims.  Pl.'s Resp. 2.  This argument is of no avail.  Plaintiff fails to recognize that both the return address and the postal service's stamp on the returned envelope indicate that the mailing originated from, and was returned to, Ms. McCaghren's work address.  *See* Returned Envelope.  Plaintiff further asserts that there are no postage stamps or markings on the returned envelope indicating that the Final Denial was sent to Plaintiff.  Pl.'s Resp. 2.  Again, Plaintiff's argument is contradicted by Defendant's evidence.  The returned envelope plainly indicates that the Final Denial was addressed to Plaintiff's address of record.  *See* Returned Envelope.  Furthermore, a stamp on the envelope clearly shows that the envelope was "unclaimed" by the recipient.  *Id.*

Plaintiff offers no evidence showing an issue of fact as to the date that the Final Denial was mailed, or any evidence at all.  The Court therefore finds that there is no genuine issue of fact that the VA mailed the Final Denial to Plaintiff on November 1, 2013.  *See Little*, 37 F.3d at 1075 (factual controversies require more than "unsubstantiated assertions").

As stated above, "a party must file a [FTCA] lawsuit 'within six months after the date of *mailing*, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  *Beemer*, 495 F. App'x at 400; 28 U.S.C. § 2401(b).  Therefore, the statute of limitations on Plaintiff's FTCA claim began to run on November 1, 2013.  *See*

9

McCaghren Decl.  As a result, to be timely, Plaintiff had to file the present FTCA action by May 1, 2014.  Plaintiff did not, however, file the instant case until June 3, 2014, over a month after the statute of limitations had expired.  *See* Mot. to Proceed in Forma Pauperis.  Accordingly, Plaintiff's claim is timed-barred by the FTCA's statute of limitations.[2]

### 3. Equitable tolling

Plaintiff has argued that he received "inadequate notice" of the Final Denial.  Pl.'s Resp. 2.  Though Plaintiff does not expressly raise the issue of equitable tolling, because Plaintiff is acting *pro se* the Court construes Plaintiff's argument to be a request for an equitable tolling of the statute of limitations.  *See Felder v. Johnson*, 204 F.3d 168, 170 n.5 (5th Cir. 2000) (construing *pro se* petitioner's argument as request for equitable tolling even though he had not specifically made that argument); *United States v. Patterson*, 211 F.3d 927, 929 (5th Cir. 2000) (same).

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  *Patterson*, 211 F.3d at 930 (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)).  Equitable tolling, however, is extended sparingly.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  The party seeking equitable tolling bears the burden of justifying it.  *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999).  A plaintiff is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  *Holland v. Florida*, 560 U.S. 631, 649 (2010).

---

[2] Though Plaintiff claims he did not receive notice of the final denial letter until January 3, 2014, *see* Resp. 2, this fact is "immaterial" to the issue of whether Plaintiff timely filed his FTCA claim.  *See Beemer*, 495 F. App'x at 400 ("[W]hether [the plaintiff] *received* the notice [is] immaterial.").

As an initial matter, the Court notes that it is unclear in the Fifth Circuit whether the doctrine of equitable tolling can even be applied to an action under the FTCA. *Compare In re FEMA Trailer Formaldehyde Prods.*, 646 F.3d 185, 190-91 (5th Cir. 2011) (holding that the FTCA limitation period cannot be equitably tolled), *with Perez v. United States*, 167 F.3d 913, 915-17 (5th Cir. 1999) ("[W]here the principles of equitable tolling would ordinarily apply, such tolling should be allowed in an FTCA case."); *see also Carter v. McHugh*, 869 F. Supp. 2d 784, 787-90 (W.D. Tex. 2012) (collecting cases). The lack of clarity in Fifth Circuit case law, however, does not affect the present case. Even if equitable tolling can be applied to a tort action under the FTCA in certain circumstances, Plaintiff is not entitled to an equitable tolling in this case because Plaintiff did not exercise due diligence in pursuing his claim. *See Holland*, 560 U.S. at 649.

Specifically, Plaintiff received notice on January 3, 2014, that the Final Denial had been mailed on November 1, 2013. Pl.'s Resp. 1; Mot. 5; Final Denial; January Notice. Included with the January Notice was a copy of the Final Denial, which specifically informed Plaintiff of the six-month statute of limitations for filing a suit for judicial relief from the denial. *See* January Notice; Final Denial. Plaintiff was therefore on notice from January 3, 2014, that he had almost four months remaining to file this action with the Court. Nonetheless, Plaintiff failed to file the Case until nearly five months later, on June 1, 2014. *See* Mot. to Proceed in Forma Pauperis. The Court finds no good cause for Plaintiff's failure to diligently pursue his FTCA claim despite notice of the earlier mailed letter with nearly four months still remaining to bring suit. Accordingly, Plaintiff is not entitled to an equitable tolling of the statute of limitations due to his failure to diligently pursue his claim. *See Holland*, 560 U.S. at 649 (Plaintiff must diligently pursue rights to benefit from equitable tolling).

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss or Alternatively Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

The Clerk shall close the case.

**SO ORDERED.**

**SIGNED this 14th day of January, 2015.**

*/s/ Kathleen Cardone*
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE